1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| ABRAHAM LEAVITT<br><br>    Plaintiff,<br><br>        v.<br><br>CHASE BANK USA, N.A.<br><br>    Defendant. | Case No.:<br><br>COMPLAINT<br><br>JURY DEMAND |

## **INTRODUCTION**

This is a consumer protection action alleging violation of the Truth in Lending Act ("TILA") as amended by the Fair Credit Billing Act ("FCBA"), the regulations issued pursuant to those statutes, and the Washington State Consumer Protection Act ("WCPA").  In support of his Complaint, Plaintiff states as follows:

## **JURISDICTION AND VENUE**

**Original Complaint - 1**
**Jury Demand**

Christopher E. Green | GreenLawFirm PS
225 106th Ave NE | Bellevue WA 98005
(206) 686-4558 | Chris@MyFairCredit.com
WSBA#19410

1.     The jurisdiction of this Court is proper pursuant to the Truth in Lending Act, 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331 and 1337.

2.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events and omissions giving rise to this Complaint occurred within the district.

## PARTIES

4.     Plaintiff, Abraham Leavitt, is an adult-individual residing in King County, Washington.

5.     Defendant, Chase Bank USA, N.A., ("Chase") is business entity organized under the laws of Delaware, with a headquarters located at 201 North Walnut Street, Wilmington, DE 19801.  Chase regularly conducts substantial business in the Western District of Washington.

## FACTS

6.     At all times relevant to this Complaint, Chase, in the ordinary course of business, regularly extended open-end consumer credit in the form of consumer credit cards, on which Chase assessed finance charges.

7.     Prior to the events at issue in this Complaint, Plaintiff opened two (2) consumer credit cards with Chase, a Chase Sapphire Credit Card and an IHG Rewards Club Credit Card (collectively "Credit Cards").   The Credit Cards are open-end extensions of credit.

**Original Complaint - 2**
**Jury Demand**

**Christopher E. Green | GreenLawFirm PS**
225 106th Ave NE | Bellevue WA 98005
(206) 686-4558 | Chris@MyFairCredit.com
WSBA#19410

8.      At all times relevant hereto, Plaintiff used the Credit Cards for personal, family and household purposes.

9.      Plaintiff is a "consumer" as that term is defined by TILA, 15 U.S.C. §1602(i) and as that term is used in the WCPA.

10.     In July 2017, Plaintiff was on vacation in China.

11.     On July 4th, Plaintiff visited a jewelry store ("Merchant") in Macao, China.

12.     Plaintiff was interested in a watch that the Merchant had on display in a jewelry case.

13.     Unsure if the watch was in fact real and authentic, Plaintiff asked the Merchant if he could look at and inspect the watch outside of the display case.

14.     The Merchant agreed to allow Plaintiff to look at the watch, but asked Plaintiff for two forms of credit to hold as collateral allegedly to protect the store from Plaintiff running off with the watch.

15.     The Merchant agreed that nothing would be charged on the credit cards if Plaintiff did not decide to purchase any merchandise.

16.     As a result, Plaintiff provided the Credit Cards to the Merchant subject to the expressed agreement that nothing would be charged on the Credit Cards if nothing was purchased.

17.     Plaintiff inspected the watch, and doubted its authenticity, believing that it was not in fact "real."

18.     As a result, Plaintiff decided not to purchase the watch, or any other merchandise from the Merchant, and requested the Credit Cards back.

19.     The Merchant returned Plaintiff's Credit Cards.

**Original Complaint - 3**
**Jury Demand**

**Christopher E. Green | GreenLawFirm PS**
225 106th Ave NE | Bellevue WA 98005
(206) 686-4558 | Chris@MyFairCredit.com
WSBA#19410

20.     No purchases were made from the Merchant.

21.     Plaintiff did not authorize any charges on the Credit Cards from the Merchant.

22.     Plaintiff did not sign any credit card slip, receipt, or any other document authorizing any charge from the Merchant on the Credit Cards.

23.     Plaintiff never agreed to, or authorized in any manner, the Merchant making any charges on the Credit Cards.

24.     Plaintiff left the Merchant's store without purchasing any merchandise, goods or services from the Merchant.

25.     Plaintiff never returned to the Merchant's place of business after the one occasion on July 4, 2017.

26.     Subsequently, Plaintiff checked his account transaction history with Chase, and saw that there was an unauthorized charge on the Credit Cards made by the Merchant in the amount of $9,693.15 dated July 4, 2017; and unauthorized charges in the amount of $18,862.99 and $13,980.92 dated July 6, 2017 ("Unauthorized Charges").

27.     Plaintiff did not authorize any of the Unauthorized Charges, was unaware that the Merchant was charging any amount to the Credit Cards, and did not receive any goods, services or merchandise in exchange for the Unauthorized Charges.

28.     Plaintiff did not "swipe" the Credit Cards, and did not authorize the Credit Cards to be swiped.

29.     The individual or entity that caused the Unauthorized Charges on Plaintiff's account did not have actual, implied, or apparent authority to make the subject charges.

**Original Complaint - 4**
**Jury Demand**

**Christopher E. Green | GreenLawFirm PS**
225 106th Ave NE | Bellevue WA 98005
(206) 686-4558 | Chris@MyFairCredit.com
WSBA#19410

30.     Plaintiff did not receive any benefit from the transactions that resulted in the Unauthorized Charges.

31.     Upon becoming aware of the Unauthorized Charges, Plaintiff immediately disputed the Unauthorized Charges in writing with Chase through its online billing dispute submission process.

32.     Chase received Plaintiff's dispute, and confirmed that it would investigate the matter.

33.     Following its receipt of Plaintiff's written dispute, Chase was required to perform a reasonable investigation into Plaintiff's dispute.

34.     Chase failed to perform a reasonable investigation.

35.     Chase failed to perform an "investigation" as that term is defined and used in the FCBA and TILA.

36.     Instead, Chase produced "invoices" from the Merchant that in no way showed that the Unauthorized Charges were authorized or accurate.

37.     The "invoices" did not contain Plaintiff's signature, and did not contain any indication that the Unauthorized Charges were authorized by Plaintiff.

38.     One of the "invoices" reflects an alleged transaction that took place on July 6, 2017, a date that Plaintiff was not even at the Merchant's premise.

39.     Further, Chase failed to produce any "invoice" or any other evidence or proof relevant to the July 6, 2017 Unauthorized Charge in the amount of $18,862.99.

40.     Plaintiff responded to Chase's production of the "invoices" by again explaining his dispute, in writing, to Chase.

**Original Complaint - 5**
**Jury Demand**

41.     In response, and as a direct result of Plaintiff exercising his rights under TILA and the FCBA, Chase closed Plaintiff's credit card accounts.

42.     Upon closing of the accounts, Chase blocked Plaintiff from having online access to his account information, and demanded payment in full of the disputed Unauthorized Charges.

43.     Plaintiff again disputed the Unauthorized Charges with Chase; however, Chase again ignored the information provided by Plaintiff, and simply relied on the inaccurate, clearly incomplete, and internally inconsistent documentation from the Merchant in again denying Plaintiff's dispute.

44.     Chase again demanded that Plaintiff pay the full amount of the Unauthorized Charges.

45.     Chase made that demand despite the fact that there was clear evidence that the Unauthorized Charges were in fact unauthorized.

46.     Chase made that demand despite the fact that there was clear evidence that Plaintiff never authorized the charges.

47.     Chase made that demand despite the fact Plaintiff never benefits from the subject transactions.

48.     Chase made that demand despite the fact that it failed to perform a reasonable investigation.

49.     By ignoring the evidence of unauthorized use, failing to perform reasonable investigation, and then demanding that Plaintiff pay the full amount of the unauthorized charges, Chase misrepresented the law, and misrepresented Plaintiff's rights to Plaintiff.

**Original Complaint - 6**
**Jury Demand**

**Christopher E. Green | GreenLawFirm PS**
225 106th Ave NE | Bellevue WA 98005
(206) 686-4558 | Chris@MyFairCredit.com
WSBA#19410

50.     By ignoring the evidence of unauthorized use and failing to perform a reasonable investigation, Chase waived and forfeited its right to collect payment from Plaintiff on the amounts related to the Unauthorized Charges.

51.     As a result of Chase's failure to perform a reasonable investigation into Plaintiff's dispute, Plaintiff was unable to identify what was allegedly purchased with the Unauthorized Charges.

52.     As a result of Chase's failure to perform a reasonable investigation into Plaintiff's dispute, it remains unknown what was allegedly purchased with the Unauthorized Charges, and details of those transactions remain vague and uncertain.

53.     Faced with the demand from Chase for full payment of the Unauthorized Charges in the amount of $42,537.06, the fear that his credit would be negatively impacted if he did not pay, and Chase's misrepresentation of his rights as a consumer, Plaintiff paid the amount due on the Unauthorized Charges.

54.     When Plaintiff made the subject payments, he reserved his rights to continue to contest the Unauthorized Charges, and explicitly noted that the payments were made under duress.

55.     Written notice of Plaintiff's billing error dispute was received within 60 days from the date that the Unauthorized Charges first appeared on Plaintiff's account.

56.     Notice that the Unauthorized Charges were unauthorized was provided to Chase within a few days of the charges first appearing on Plaintiff's account.

57.     Chase's actions in failing to comply with its obligations in performing a reasonable investigation into the alleged fraud and identity theft is, upon information and

**Original Complaint - 7**
**Jury Demand**

Christopher E. Green | GreenLawFirm PS
225 106th Ave NE | Bellevue WA 98005
(206) 686-4558 | Chris@MyFairCredit.com
WSBA#19410

belief, part of a pattern and practice of Chase's failure to comply with its obligations under the FCBA.

58.     As a result of Chase's conduct, Plaintiff has suffered actual damages in the form of substantial financial harm, loss of funds, loss of credit, credit defamation, loss of credit opportunities, and emotional distress, including anxiety, frustration, embarrassment and humiliation.

59.     At all times pertinent hereto, Chase was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Chase.

60.     At all times pertinent hereto, the conduct of Chase, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for Plaintiff's rights under federal and state law.

### COUNT I
### TRUTH IN LENDING
### 15 U.S.C. § 1643

61.     Plaintiff re-alleges all prior allegations as if fully set forth here.

62.     Pursuant to 15 U.S.C. § 1643, a cardholder's liability for unauthorized use is limited to $50.

63.     The Unauthorized Charges were the result of "unauthorized use" as that term is used in 15 U.S.C. § 1643.

64.     The Unauthorized Charges are the result of use of the Credit Cards by a person, other than Plaintiff, who did not have actual, implied, or apparent authority to use the Credit Cards.

**Original Complaint - 8**
**Jury Demand**

**Christopher E. Green | GreenLawFirm PS**
225 106th Ave NE | Bellevue WA 98005
(206) 686-4558 | Chris@MyFairCredit.com
WSBA#19410

65.     Despite the fact that the Unauthorized Charges were the result of unauthorized use, Chase violated 15 U.S.C. § 1643, and demanded and compelled Plaintiff to pay the full amount of the Unauthorized Charges.

66.     Despite the fact that the Unauthorized Charges were the result of unauthorized use, Chase held Plaintiff liable for the full amount of the Unauthorized Charges.

67.     The conduct of Chase was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above, and as result, Chase is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**COUNT II**
**TRUTH IN LENDING ACT**
**15 U.S.C. § 1666(A)**

68.     Plaintiff re-alleges all prior allegations as if fully set forth here.

69.     Pursuant to 15 U.S.C. § 1666(a) and 12 C.F.R. § 1026.13(c), (f), Chase is required to perform a reasonable investigation upon receipt of a notice of billing error dispute.

70.     Within sixty (60) days of the Unauthorized Charges first appearing on Plaintiff's account, Plaintiff disputed the charges in writing to Chase, and notified Chase in writing that the charges were "unauthorized" as that term is used 15 U.S.C. § 1643.

71.     Despite receiving Plaintiff's dispute and notification, Defendant failed to perform a reasonable investigation into Plaintiff's dispute.

**Original Complaint - 9**
**Jury Demand**

Christopher E. Green | GreenLawFirm PS
225 106th Ave NE | Bellevue WA 98005
(206) 686-4558 | Chris@MyFairCredit.com
WSBA#19410

72.     By failing to perform a reasonable investigation upon receipt of Plaintiff's billing error dispute, Defendant violated 15 U.S.C. § 1666(a) and 12 C.F.R. § 1026.13(c), (f).

73.     The conduct of Chase was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above, and as result, Chase is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### COUNT III
### TRUTH IN LENDING ACT
### 15 U.S.C. § 1666(a)(3)

74.     Plaintiff re-alleges all prior allegations as if fully set forth here.

75.     Pursuant to 15 U.S.C. § 1666(a)(3), within ninety (90) days of a consumer's billing error dispute, Defendant is required to conclude its investigation and provide the consumer with a written explanation regarding the results of its investigation.

76.     Despite receiving Plaintiff's notice of dispute regarding the $18,862.99 unauthorized charge, Chase performed no investigation.

77.     Despite receiving Plaintiff's notice of dispute regarding the $18,862.99 charge, Chase failed to conclude its investigation, and failed to provide Plaintiff with a written explanation of the results of its investigation within ninety (90) days in violation of 15 U.S.C. § 1666(a)(3).

78.     The conduct of Chase was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above, and as result, Chase is liable to Plaintiff for

**Original Complaint - 10**
**Jury Demand**

**Christopher E. Green | GreenLawFirm PS**
225 106th Ave NE | Bellevue WA 98005
(206) 686-4558 | Chris@MyFairCredit.com
WSBA#19410

the full amount of statutory, actual and punitive damages, along with attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**COUNT IV**
**TRUTH IN LENDING ACT**
**15 U.S.C. § 1666(a)(3)(B)**

79.     Plaintiff re-alleges all prior allegations as if fully set forth here.

80.     Section 1666(a)(3)(B) of TILA prohibits Chase from attempting to collect amounts that are subject to a billing error dispute until Defendant complies with its obligations under TILA and Regulation Z, including its obligation to reasonably investigate, timely conclude its investigation, and report the results to the consumer.

81.     As described above, Chase failed to comply with its obligations under TILA and Regulation Z to perform a reasonable investigation, timely conclude its investigation and report to the consumer.

82.     Despite its failure to comply with its obligations under TILA and Regulation Z, Chase demanded, and compelled Plaintiff to pay the amounts associated with the Unauthorized Charges.

83.     Despite its failure to comply with its obligations under TILA and Regulation Z, Chase represented to Plaintiff that he was liable for the amounts associated with the Unauthorized Charges.

84.     By attempting to collect, and collecting the amounts associated with the Unauthorized Charges, Chase violated 15 U.S.C. § 1666(a)(3)(B).

85.     The conduct of Chase was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above, and as result, Chase is liable to Plaintiff for

**Original Complaint - 11**
**Jury Demand**

Christopher E. Green | GreenLawFirm PS
225 106th Ave NE | Bellevue WA 98005
(206) 686-4558 | Chris@MyFairCredit.com
WSBA#19410

the full amount of statutory, actual and punitive damages, along with attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### COUNT V
### TRUTH IN LENDING ACT
### REGULATION Z, 12 CFR 1026.13(d)(3)

86.     Plaintiff re-alleges all prior allegations as if fully set forth here.

87.     Pursuant to 12 CFR § 1026.13(d)(3), Chase is prohibited from accelerating Plaintiff's indebtedness, and is prohibited from closing Plaintiff's accounts as a result of Plaintiff exercising, in good faith, his rights under TILA and the FCBA.

88.     As detailed above, in direct response to Plaintiff's billing error dispute, and report of unauthorized use, Chase closed Plaintiff's Credit Card accounts.

89.     The conduct of Chase was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above, and as result, Chase is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### COUNT VI
### WASHINGTON STATE CONSUMER PROTECTION ACT
### RCW 19.86 *et seq.*

90.     Plaintiff re-alleges all prior allegations as if fully set forth here.

91.     Washington's Consumer Protection Act ("WCPA") § 19.86.020, prohibits unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.

92.     The WCPA applies to the actions at issue herein because Plaintiff is a "consumer," Defendant is a "business" and a "person," this case involves conduct which

**Original Complaint - 12**
**Jury Demand**

Christopher E. Green | GreenLawFirm PS
225 106th Ave NE | Bellevue WA 98005
(206) 686-4558 | Chris@MyFairCredit.com
WSBA#19410

occurred in the course of trade and commerce, the Plaintiff was damaged by Defendant's actions, and the complaint involves a matter of public interest which is capable of repetition and affects other consumers in this state.

93.    Defendant acted unfairly by failing or refusing to promptly and properly credit Plaintiff for all unauthorized transactions, by failing or refusing to promptly and properly credit Plaintiff for all fraudulent charges, by failing to conduct a reasonable fraud investigation, by failing or refusing to have adequate procedures in place to deter and prevent fraud and theft, by failing or refusing to have reasonable procedures in place to investigate fraud and theft claims, by misrepresenting Plaintiff's rights under federal law, by holding Plaintiff liable for the unauthorized use of the credit accounts, by demanding payment of the amounts associated with the unauthorized use, by failing or refusing to competently hire, train, compensate and supervise employees, among other unfair acts and practices.

94.    Defendant acted deceptively by failing or refusing to promptly and properly credit Plaintiff for all unauthorized transactions, by failing or refusing to promptly and properly credit Plaintiff for all fraudulent charges, by failing to conduct a reasonable fraud investigation, by failing or refusing to have adequate procedures in place to deter and prevent fraud and theft, by failing or refusing to have reasonable procedures in place to investigate fraud and theft claims, by misrepresenting Plaintiff's rights under federal law, by holding Plaintiff liable for the unauthorized use of the credit accounts, by demanding payment of the amounts associated with the unauthorized use, by failing or refusing to competently hire, train, compensate and supervise employees, among other deceptive and dishonest acts and practices.

**Original Complaint - 13**
**Jury Demand**

95.     On information and belief, Defendant has a pattern and practice of making it very difficult for identity theft, theft, and fraud victims to be released from fraudulent and unauthorized charges that the victims did not make.

96.     The conduct of Chase was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above, and as result, Chase is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment in his favor and against Defendant in the following manner:

A.  Actual damages;

B.  Statutory damages;

C.  Punitive damages;

D.  Costs and reasonable attorneys' fees; and

E.  Such other and further relied as may be necessary, just and proper.

Dated:  March 9, 2018

BY:    _s/ Christopher E. Green_____
Christopher E. Green, ESQUIRE
Green Law Firm
225 106th Ave NE
Bellevue, WA 98005
(206) 686-4558

*Attorney for Plaintiff*

Original Complaint - 14
Jury Demand